NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE D. SKRETTAS,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2022-2075

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-20-0549-W-1.

---

Decided: April 11, 2023

---

GEORGE DIMITRIOS SKRETTAS, Ann Arbor, MI, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before DYK, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

George D. Skrettas, formerly a Department of Veterans Affairs ("VA") employee, seeks review of a decision of the Merit Systems Protection Board ("MSPB") denying relief in relevant part for alleged retaliation in response to whistleblowing. We *affirm*.

## BACKGROUND

Mr. Skrettas began work as a registered respiratory therapist at the John D. Dingell VA Medical Center in 2015. He submitted two whistleblower complaints relevant here, one to VA management in July 2017 and another to the VA Inspector General in July 2018. Both complaints alleged, among other things, that the respiratory department lacked adequate policies and procedures. In response, the Office of the Medical Inspector toured the Dingell facility in November 2018, and in a later report partially substantiated Mr. Skrettas' complaints. *See* Dep't of Veterans Affs., OSC File Number DI-18-5155, *Report to the Office of Special Counsel* (2019) ("*Report*"), https://osc.gov/Documents/Public%20Files/FY20/DI-18-51 55/DI-18-5155%20-%20Agency%20Report_Redacted.pdf.

In January 2019, Mr. Skrettas filed a complaint with the Office of Special Counsel, alleging that the VA had retaliated against him for his whistleblowing. He continued to supplement his complaint with allegations that subsequent personnel actions were retaliatory. In June 2020, the Office informed Mr. Skrettas that it was closing his whistleblowing retaliation case. Mr. Skrettas then appealed the VA's actions to the MSPB.

At the MSPB, Mr. Skrettas alleged that the VA had retaliated against him by taking three personnel actions relevant here. First, on June 15, 2018, the agency suspended Mr. Skrettas for 10 days in response to allegations that he had behaved inappropriately, including on two occasions by refusing to assist a patient in respiratory distress. On

one of those occasions, Mr. Skrettas was alleged to have declined to assist a patient by performing an arterial blood gas draw in order to test for oxygen and carbon dioxide levels. Second, on June 25, 2018, the VA removed Mr. Skrettas from providing clinical care, and later detailed him to the social work unit, in response to allegations that shortly before his suspension he had endangered a patient by tampering with a ventilator. Finally, on July 26, 2019, the VA again removed Mr. Skrettas from clinical work and assigned him to the social work unit after he was accused of creating a hostile work environment.

An administrative judge ("AJ") found that, as relevant here, Mr. Skrettas' whistleblowing complaints were protected disclosures. And she found that Mr. Skrettas had made a *prima facie* case that his whistleblowing was a contributing factor to the three personnel actions discussed above. But she concluded that the VA had shown by clear and convincing evidence that it would have taken these steps against Mr. Skrettas independent of any motivation to retaliate.[1]

Mr. Skrettas petitioned the full Board for review. The Board denied the petition but modified the AJ's decision in one respect not relevant here. Mr. Skrettas petitions for

---

[1]    Mr. Skrettas also alleged that his supervisor had retaliated against him by giving him an "unacceptable" performance review for the 2018 fiscal year. The AJ agreed and was not persuaded that the agency would have given him that rating absent his whistleblowing. She directed the VA to rescind its unfavorable rating and to indicate that Mr. Skrettas performed adequately in 2018. That issue is not part of the review proceedings here.

review here.    We have jurisdiction.    *See* 28 U.S.C. § 1295(a)(9).[2]

DISCUSSION

I

The scope of our review of MSPB decisions is limited. We shall "hold unlawful and set aside any agency action, findings, or conclusions" only if found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Agencies of the United States are prohibited from retaliating against their employees for whistleblowing. *See* 5 U.S.C. § 2302(b)(8). "An employee who believes he has been subjected to illegal retaliation must prove by a preponderance of the evidence that he made a protected disclosure that contributed to the agency's action against him." *Smith v. GSA.*, 930 F.3d 1359, 1365 (Fed. Cir. 2019). Once an employee has made a *prima facie* case that he or she made a protected disclosure, and the disclosure contributed to the agency's adverse action, the agency bears the burden of persuasion "to show by clear and convincing

---

[2]    Although Mr. Skrettas avers that he is not abandoning his discrimination claims here, *see* ECF No. 3, the case below originated via an Individual Right of Action ("IRA") filing, in which "[d]iscrimination claims may not be raised," *Young v. MSPB*, 961 F.3d 1323, 1327 (Fed. Cir. 2020). Thus, although we lack jurisdiction over so-called "mixed cases" involving claims that a personnel decision was based in whole or in part on prohibited discrimination, *see Perry v. MSPB*, 137 S. Ct. 1975, 1979 (2017), IRA appeals are by definition not mixed cases and are subject to our review. *See Young*, 961 F.3d at 1327–28.

evidence that it would have taken the same personnel action in the absence of such disclosure." *Rickel v. Dep't of the Navy*, 31 F.4th 1358, 1364 (Fed. Cir. 2022) (internal quotation marks and citation omitted).

In determining whether the agency has met its burden to show that it would have taken the same action absent whistleblowing, the MSPB generally considers three non-exclusive factors laid out in *Carr v. Social Security Administration*:

> [1] the strength of the agency's evidence in support of its personnel action; [2] the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and [3] any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

185 F.3d 1318, 1323 (Fed. Cir. 1999).

## II

Mr. Skrettas' main argument on appeal is that the MSPB's decision is not supported by substantial evidence. *See* Pet'r's Informal Br. 2–3. He asserts that several of the government's witnesses lied at the MSPB hearing and lacked credibility. We conclude that the MSPB's thorough opinion properly considered the applicable *Carr* factors for each of the personnel actions at issue and was supported by substantial evidence. *See* Gov't's Suppl. App. ("S.A.") 7–8, 30–37, 41–44.

First, in what Mr. Skrettas characterizes as the "main contradiction" in the case, Pet'r's Informal Br. 2, he asserts that several witnesses for the VA lacked credibility because they contradicted evidence that the respiratory department lacked adequate policies and procedures. There was no contradiction. For example, one of Mr. Skrettas' supervisors, Belinda Brown-Tezera, testified that the Medical

Inspector had determined that the respiratory department had some policies and procedures that needed to be updated. That testimony is consistent with the Medical Inspector's report of how the respiratory department's policies and procedures were inadequate. *See Report* at ii–iii, 3–7.

Second, Mr. Skrettas argues that Ms. Brown-Tezera lacked credibility because she falsely asserted, among other things, that he was still under investigation for tampering with a patient ventilator. But Mr. Skrettas has not pointed to evidence contradicting this testimony, nor otherwise established that the Board erred in concluding that Ms. Brown-Tezera's relevant testimony was credible. *See* S.A. 42. In reply, Mr. Skrettas also contends that the allegation that he had tampered with a ventilator was based on hearsay. But there is nothing that generally forbids an agency from relying on reliable hearsay, including to discipline employees based on misconduct reports relayed to supervisors. *See* Charles H. Koch, 2 *Administrative Law and Practice* § 5:52[4] (3d ed. 2023).

Third, Mr. Skrettas argues that two of his supervisors, Anthony Hilu and Tonia Allen, lied in the MSPB proceedings. Mr. Skrettas contends that Mr. Hilu falsely asserted that he had not written a letter proposing that Mr. Skrettas be fired. And Mr. Skrettas argues that Ms. Allen falsely denied complaining of Mr. Skrettas' conduct toward a therapist formerly employed in the department. There is nothing to either charge. As to the first, Mr. Hilu did not deny writing a letter proposing that Mr. Skrettas be terminated, but instead said he did not remember writing such a letter. As to the second, the MSPB found Ms. Allen's testimony that is relevant here to be credible, and Mr. Skrettas has not established error in that finding. *See, e.g.*, S.A. 33, 35.

Apart from the arguments concerning witness testimony, Mr. Skrettas appears to argue that the VA has not shown it would have suspended him for 10 days in June

2018 absent his whistleblowing.  Implicitly invoking the third *Carr* factor, Mr. Skrettas argues that the agency did not discipline another therapist for refusing to perform the same blood draw procedure for a patient that Mr. Skrettas had refused to perform, a refusal that in part resulted in his 10-day suspension.  But the MSPB found that this fellow therapist was differently situated than Mr. Skrettas, in part because she was not a registered therapist.  That finding was supported by substantial evidence.  Any differential treatment between Mr. Skrettas and this other therapist therefore does not undermine the MSPB's conclusion.

Mr. Skrettas contends that his due process rights were violated and that the MSPB should have applied other statutes to his case.  He has not explained those assertions, so we do not consider them.

We have considered Mr. Skrettas' other arguments, and do not find them persuasive.

**AFFIRMED**

COSTS

No costs.